UNITED STATES of America,
Plaintiff–Appellee,

v.

Bruce Alan LITTLETON,
Defendant–Appellant.

No. 00–5689.

United States Court of Appeals,
Sixth Circuit.

June 4, 2001.

Before KENNEDY,
SUHRHEINRICH, Circuit Judges,
GADOLA,* District Judge.

KENNEDY, Circuit Judge.

Defendant Bruce Alan Littleton was indicted for possession with intent to distribute methamphetamine. Defendant's in-

* The Honorable Paul V. Gadola, United States District Judge for the Western District of Michigan, sitting by designation.

dictment was based on evidence seized during a warrantless, non-consensual search of his vehicle following a traffic stop. After being indicted, defendant filed a motion to suppress the evidence seized during that search. The district court denied defendant's motion to suppress, on the grounds that the searching officer had probable cause for the initial traffic stop and had probable cause for the subsequent search of defendant's vehicle based on the fact that he smelled the odor of marijuana coming from the car and on defendant's person. Defendant ultimately entered a conditional guilty plea and was sentenced to 120 months in prison. Defendant now appeals the district court's denial of his motion to suppress. For the reasons stated below, we affirm the judgment of the district court denying defendant's motion to suppress.

## I.

Defendant Littleton was stopped on March 15, 1997, by Officer Michael S. Risner for alleged traffic violations. Risner testified that he and Officer David Dweck were on patrol when they were radioed by fellow task force officer Mike Hughes to watch for a red vehicle approaching them from the opposite direction at a high speed. It is undisputed that, upon seeing the car, the officers employed a radar detector which indicated that the car was traveling at seventy-four miles an hour as it passed the officers. Risner also testified that he had to drive at high speed during the ensuing chase in order to catch up with defendant in the speeding car. During the chase, Risner noted that defendant improperly crossed a double yellow line to pass a slower moving vehicle in front of him. A short portion of the chase was recorded on videotape by a video camera mounted to the front windshield of Risner's patrol car, but the video does not indicate the speed of the vehicles or show

the improper passing. Risner explained that he started the tape during the chase but that the tape ran out before he caught up with defendant and pulled him over.

Officer Risner was the director of Drug and Violent Crime Task Force for the 22nd Judicial District in Lawrenceburg, Tennessee. Prior to the traffic stop and subsequent arrest, defendant had been the subject of a drug investigation by the 22nd Judicial Task Force working in conjunction with the Drug Enforcement Administration (DEA) and he had been subject to surveillance by the task force. Defendant alleges that he was pulled over because he was the subject of an ongoing drug investigation. Defendant does not dispute the officers' contentions that he was speeding, however. In addition, Officer Risner testified that Officer Hughes did not provide defendant's name when he radioed about the speeding car. Officer Risner testified that he did not recognize defendant until after defendant provided identification during the traffic stop.

After pulling defendant's car over to the side of the road, Officer Risner approached the vehicle. The traffic stop was recorded on videotape by the video camera on the windshield of Risner's patrol car. Risner testified that as he began to question defendant, he smelled a strong odor of marijuana coming from the truck. As the videotape reveals, Risner commented several times that he smelled marijuana in the car and on defendant. Defendant repeatedly denied smoking or possessing any marijuana but eventually did comment that the other people who smoke marijuana might have been in the truck previously.

Officer Risner asked defendant if he could search defendant's truck, but defendant refused. Officer Risner again stated that he smelled marijuana and then decided to use his drug detection dog on the

vehicle. Officer Risner brought the dog to the truck and repeatedly said "gift" which is the command used to tell the dog to begin searching. The dog indicated the presence of drugs by scratching at the driver's side door. The dog also indicated a positive signal by scratching at a tool box in the bed of defendant's truck, although Officer Risner characterized that scratch as a weaker indication. Defendant argues that Officer Risner improperly prompted the dog. The videotape shows that Officer Risner twice led the dog to the driver's side door and gave the search command while hitting the door, but the record does not indicate whether that action was inappropriate.

Officer Risner then conducted a search of defendant's vehicle without a warrant and without consent. Officer Risner ultimately discovered two foil packages inside the truck containing a white, powdery substance which later tested positive as methamphetamine. No marijuana was found in the truck, and no drugs were found in the tool box in the bed of the truck.

Defendant was indicted on February 10, 1999 for possession with intent to distribute methamphetamine. On April 9, 1999, defendant filed a Motion to Suppress the Fruits of the Warrantless, Non–Consensual Vehicle Search. On June 4, 1999 the district court conducted an evidentiary hearing on the motion. On June 30, 1999, the district court denied defendant's motion. Defendant later entered a conditional guilty plea, reserving the right to appeal the denial of his suppression motion, and on May 12, 2000, defendant was sentenced by the district court to 120 months in prison with five years of supervised release. Defendant now appeals the district court's denial of his motion to suppress.

## II.

Defendant alleges that the district court erred by denying defendant's motion to suppress the evidence obtained from the warrantless, non-consensual search of defendant's vehicle. Defendant argues specifically that Officer Risner did not have probable cause to search the vehicle and that his reliance on the drug detection dog was insufficient to justify the search because the dog was unreliable.

■ When reviewing the denial of a motion to suppress evidence, this court must consider the evidence in the light most favorable to the government, and must accept the findings of fact upon which the district court relied, unless those findings are clearly erroneous. *United States v. Freeman,* 209 F.3d 464, 466 (6th Cir.2000). This court must give deference to the district court's assessment of credibility. *United States v. Bradshaw,* 102 F.3d 204, 210 (6th Cir.1996). This court reviews the district court's determinations as to the legality of the stop and the existence of probable cause to search the vehicle de novo. *Freeman,* 209 F.3d at 466.

■ As the district court explained, a search conducted without a warrant and probable cause is per se unreasonable, subject only to a few specific exceptions. *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The automobile exception to the warrant requirement is well-established, however. *United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *United States v. Crotinger,* 928 F.2d 203, 205 (6th Cir.1991). Under the automobile exception, a warrantless search of a vehicle which has been lawfully stopped is permissible if the search is based upon probable cause. *Ross,* 456 U.S. at 823, 102 S.Ct. 2157.

This court must, therefore, address two questions in reviewing the admissibility of the evidence seized from the search of

defendant's car. As this court explained in a similar case:

First, we determine "whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to a reasonable suspicion." ... Second, we decide "whether the degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand, which is judged by examining, the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances."

*United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir.1993) (citations omitted). In other words, Officer Risner must have had a proper basis for the initial traffic stop and probable cause for the search of defendant's vehicle in order to hold the evidence seized admissible.

■ As to the first issue, we affirm the district court's conclusion that Officer Risner had a sufficient basis for the traffic stop. This court has explained that under current Supreme Court law, "when a police officer makes a routine traffic stop, it does not matter what the officer's motive was, or whether an objectively reasonable officer would have acted differently, so long as the officer had probable cause to believe that a traffic violation had occurred." *United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir.1996) (citing *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). Officer Risner testified that he saw defendant's vehicle traveling at a high rate of speed, that the radar gun in the patrol car registered seventy-four miles per hour when pointed at defendant's vehicle, and that he reached high speeds while chasing defendant's car. Officer Risner also testified that he witnessed defendant improperly cross a double yellow line to pass a slower moving vehicle. Defendant has offered no evidence to rebut this testimony. In addition, the district court explicitly stated that "[t]he court credits Officer's Risner's testimony." (J.A. 38.) This court must defer to the district court's determinations of credibility unless there is evidence of clear error. *Bradshaw*, 102 F.3d at 210. No such evidence exists here. Thus, we affirm the district court's determination that Officer Risner's initial traffic stop was proper.

■ On the second issue, defendant contests the propriety of Officer's Risner's search of his vehicle during the traffic stop. Defendant argues that Officer Risner's drug detection dog was unreliable and did not meet the standards necessary to justify reliance on his reactions to the truck. Defendant relies on *United States v. Diaz*, 25 F.3d 392 (6th Cir.1994) which held that "[f]or a positive dog reaction to support a determination of probable cause, the training and reliability of the dog must be established." *Id.* at 394. Defendant asserts that Officer Risner's dog did not have sufficient training and was not reliable enough to establish probable cause for a search. In particular, defendant points to testimony in the record that the dog had an extensive history of false positive alerts (J.A. 73–86), that Officer Risner and another officer who previously worked with the dog had each been reprimanded during training for inappropriately cuing the dog to alert (J.A. 98, 88), and that Officer Risner and the dog received low scores in their training certification program, although they were certified (J.A. 97–100).

We need not evaluate the evidence of the dog's reliability, however. As the government points out, this case is distinguishable from *Diaz* because in *Diaz* the court explicitly held that, "before the dog alerted on the car, probable cause for a search did not exist." *Id.* at 393. In the

present case, however, the district court credited Officer Risner's testimony that he smelled marijuana on the defendant and in the vehicle. Officer Risner used the dog to gain additional justification for the search, but this court has clearly held that "[an officer's] smelling the marijuana [during a vehicle stop] constituted probable cause to believe that there was marijuana in the vehicle. Once this probable cause existed, a search warrant was not necessary." *United States v. Garza,* 10 F.3d at 1246. As a matter of law, the district court correctly concluded that the odor of marijuana can constitute probable cause for a warrantless search. Defendant contests the fact that there was any odor of marijuana on him or in his vehicle and argues that Officer Risner fabricated the smell in order to create probable cause. This is a factual question, however, and we defer to the district court's finding that Officer Risner testified truthfully about detecting the odor of marijuana from defendant's vehicle. We therefore affirm the holding of the district court that, regardless of the drug detection dog's reliability, probable cause existed for the search of defendant's car based on the district court's finding that Officer Risner smelled marijuana in the car.

## III.

For the foregoing reasons, we affirm the judgment of the district court denying defendant's motion to suppress.