**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0566n.06
Filed: August 9, 2007

**06-5251**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOE M. BORNE, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and GILMAN, Circuit Judges, and ADAMS,[*] District Judge.

**PER CURIAM.** The defendant, Joe M. Borne, pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and to attempted manufacture of methamphetamine, in violation of 21 U.S.C. § 846, but reserved the right to challenge the district court's denial of his motion to suppress. He was sentenced to 120 months' imprisonment, the mandatory minimum for his convictions. On appeal, he claims that the arresting officer lacked probable cause to stop him for a traffic violation, to conduct a search of his person for weapons, and to reach into his pants pocket during the search. He also challenges the basis for the district court's determination that the arresting officer detected an odor associated with methamphetamine at the time of the stop. The district

---

[*]The Hon. John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

court denied the motion to suppress, adopting the thorough report and recommendation by the magistrate judge who held the suppression hearing. Our review convinces us that this decision was both factually correct and legally sound. We therefore sustain the denial of the motion to suppress and affirm the judgment of conviction.

The magistrate judge held that the initial stop of the defendant's vehicle was based on probable cause, crediting the testimony of Tim Garner, the Tennessee Highway Patrol trooper who made the stop on the basis of a muffler violation, over that of the defendant, who denied that his muffler was defective on the night of his arrest. The judge noted that police may stop a vehicle when there is probable cause to believe that a traffic violation has occurred and may detain the vehicle and its occupants briefly, even if the traffic offense is minor and the officer had additional subjective reasons for making the stop. *Whren v. United States*, 517 U.S. 806, 813 (1996). Here, the stop was predicated on a violation of Tennessee Code Annotated section 55-9-202, requiring that a "motor vehicle on any road, street or highway . . . [be] equipped with a muffler in good working order," as defined by the statute.

Once the vehicle was stopped, the trooper asked to see the driver's license and registration. As it turned out, Garner recognized Borne as someone he knew from the community. He also knew that Borne had been arrested and convicted in the past for methamphetamine-related offenses. When Borne rolled down his window to speak to Garner, Garner immediately noticed a "strong chemical odor" that from his past experience he could identify as methamphetamine. As a result, he ordered Borne out of the car. Although a police officer may not continue to detain a motorist after the purpose of the

2

traffic stop has been accomplished, "unless something that occurred during the stop cause[s] the officer to have a reasonable and articulable suspicion that criminal activity [is] afoot," *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999), the magistrate judge found that the pronounced chemical odor that Garner associated with methamphetamine was a sufficient basis upon which to extend the defendant's detention.

The magistrate judge also held, correctly, that the trooper was justified in conducting a *Terry* frisk of the defendant's person for weapons, given his testimony that methamphetamine traffickers in that area were known to go armed. *See United States v. Jacob*, 377 F.3d 573, 579 (6th Cir. 2004) (officers who stop a person reasonably believed to be carrying or dealing in drugs "are entitled to rely on their experience and training in concluding that weapons are frequently used in drug transactions, and to take reasonable measures to protect themselves" (internal quotation marks omitted)). In conducting the pat-down, Garner felt what he thought was narcotics in distinctive packaging in the pocket of Borne's jeans. Reaching in, he retrieved what turned out to be a small amount of methamphetamine wrapped in a bag with a knot. Although Garner claims that the contents of the package could not have been identified as contraband merely by feel, the magistrate judge credited the testimony of the trooper and held that the seizure was justified under what has been commonly referred to as the "plain feel" doctrine and recognized as an exception to the Fourth Amendment's warrant requirement. *See Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993).

The consensual search of the vehicle that followed turned up what amounted to a portable methamphetamine lab and a handgun in the trunk of the car. The subsequent

3

convictions for felon-in-possession and attempted manufacture of methamphetamine were based on this evidence. We conclude, as did the magistrate judge and the district court, that the initial stop of the defendant's car, his detention and ultimate arrest, and the search of his vehicle were valid under the Fourth Amendment. It follows that the motion to suppress was properly denied. Further, we find no clear error in the court's decision to credit the trooper's testimony that he detected chemical odors associated with methamphetamine when the defendant rolled down the window to speak to him and that he detected the same odors later when the trunk of the car was opened. The fact that officers who later came to the scene did not detect the same strong odors could be explained by the fact that the odors had dissipated over time or that the officers' experience with methamphetamine was not as extensive as Garner's. In any event, the ruling turned on questions of credibility that we are loathe to review on appeal.

After a close reading of the briefs and a study of the record in this case, we are not persuaded that the district court erred in denying the motion to suppress. Because the reasons for that ruling have been fully articulated by the magistrate judge and adopted by the district court, the issuance of another detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by the magistrate judge in her report and recommendation, as adopted by the district court in its memorandum and order of September 20, 2005.