NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0445n.06
Filed: July 29, 2008

No. 08-3207

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| MARSHALL L. CRUMB, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____

BEFORE: COLE and GRIFFIN, Circuit Judges; and SARGUS, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Marshall L. Crumb appeals an order of the district court denying his motion to suppress evidence discovered during a traffic stop. Crumb argues that police lacked probable cause to conduct a warrantless search of the vehicle in which he was riding, despite the arresting officer smelling the odor of marijuana and seeing a partially smoked marijuana cigarette in plain view in the vehicle. We disagree and, accordingly, affirm Crumb's convictions for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possessing a controlled substance, in violation of 21 U.S.C. § 844(a).

I.

_____

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

In the early morning of January 27, 2007, Officer Ryan Duffy of the Linndale (OH) Police Department observed a vehicle traveling northbound on Interstate 71 at a high rate of speed while weaving on and off the shoulder. Thereafter, Officer Duffy, along with Auxiliary Officer Mahon, executed a traffic stop of the vehicle. As Duffy approached the vehicle's driver, Douglas Scott, and began speaking with him, Duffy smelled the odor of marijuana emanating from the vehicle. While Duffy and Scott continued to talk, Duffy saw a partially smoked marijuana cigarette in an ashtray in the vehicle's center console. Duffy then asked both Scott and his passenger, defendant Crumb, for identification and requested that Scott hand him the marijuana cigarette. Scott and Crumb complied with Duffy's requests.

After a scan of Crumb's license disclosed two outstanding arrest warrants, Duffy returned to the vehicle, removed defendant from the passenger seat, and conducted a pat-down search of him. The search of defendant revealed a small plastic bag containing marijuana and a small electronic scale. Duffy subsequently placed Crumb in handcuffs and seated him in the rear of the police cruiser. Duffy then removed Scott from the vehicle, at which time he noticed the smell of alcohol on Scott's breath. During his pat-down search of Scott, Duffy found a small plastic bag, which contained multiple smaller bags of marijuana, and a speed loader.[1] Duffy then seated Scott in the rear of Officer Mahon's police cruiser.

---

[1]Duffy testified at the suppression hearing that a speed loader is "a small device to which you would attach bullets, live rounds to be inserted into the chamber of a revolver for quick loading."

After both Crumb and Scott were in custody, Officers Duffy and Mahon performed a search of the vehicle, finding a loaded revolver on the driver's side. Thereafter, Duffy returned to the cruiser, placed Scott under arrest, and issued him a *Miranda* warning. When Scott refused to make a statement, Duffy resumed his search of the vehicle.

During this portion of the search, Duffy discovered a plastic bag containing crack cocaine lodged between the center console and the driver's seat, while Officer Mahon found Ecstacy pills scattered on the passenger side of the vehicle. In the trunk, the officers uncovered a large plastic freezer bag containing marijuana and a semi-automatic pistol underneath the bag. The officers then towed the vehicle and transported Scott and Crumb to the Linndale Police Department for booking and questioning, during which Crumb admitted that he owned the firearm found in the trunk.

Subsequently, Crumb and Scott were named in a four-count indictment that charged defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possessing a controlled substance, in violation of 21 U.S.C. § 844(a). Both Crumb and Scott filed motions to suppress the evidence discovered during the traffic stop, and the district court held a hearing on the motions. After receiving testimony from Officer Duffy – the only witness presented during the hearing – the court issued a written order denying the motions, ruling that Duffy had probable cause to search Scott, Crumb, and the vehicle in which they were traveling because of the officer's detection of marijuana odor emanating from the vehicle.

Following the denial of his motion, Crumb entered into a plea agreement with prosecutors, in which he reserved the right to appeal the district court's denial of his motion to suppress. The

court accepted Crumb's plea and sentenced defendant to a term of 12 months and one day of incarceration on each count, to be served concurrently. Crumb now appeals the denial of his motion to suppress.

## II.

On appeal, Crumb raises a single issue: whether the district court erred in ruling that the detection of marijuana odor and the presence of a partially smoked marijuana cigarette provided probable cause to search the vehicle. Specifically, Crumb argues that once Officer Duffy seized the marijuana cigarette, no further search of the vehicle was supported by probable cause. We disagree.

We review the district court's denial of a motion to suppress for clear error with respect to the court's findings of fact and de novo with regard to conclusions of law. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006); *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006). On defendant's appeal, we consider the evidence in the light most favorable to the government. *Jackson*, 470 F.3d at 306-07.

In general, the Fourth Amendment requires that all searches and seizures be supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003). Although searches must normally be conducted pursuant to a warrant, under the well-known automobile exception, a warrantless search of a vehicle that has been stopped lawfully is permissible if the search is based upon probable cause. *United States v. Ross*, 456 U.S. 798, 823 (1982); *United States v. Pasquarille*, 20 F.3d 682, 690 (6th Cir. 1994). "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion, and is found to exist when there is a fair

probability that evidence of a crime will be located on the premises of the proposed search." *Jackson*, 470 F.3d at 306 (internal quotation marks and citations omitted).

Thus, in determining the admissibility of evidence seized during a warrantless search of a vehicle during a traffic stop, we must answer two questions: first, whether the initial stop of the vehicle was supported by reasonable suspicion and, second, whether the subsequent search of the vehicle was supported by probable cause. *United States v. Foster*, 376 F.3d 577, 584-85 (6th Cir. 2004); *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993). Crumb does not contest that Officer Duffy had reasonable suspicion to conduct a traffic stop of the vehicle. *See United States v. Simpson*, 520 F.3d 531, 541 (6th Cir. 2008) (holding that a seizure of vehicle due to an ongoing traffic violation is governed by the standard of reasonable suspicion). Thus, because there is no dispute that the initial stop of the vehicle was valid, the focus of our analysis is whether Officers Duffy and Mahon had probable cause to search the vehicle.

In ruling that Officer Duffy's detection of marijuana in the vehicle, by itself, provided the necessary probable cause to conduct a lawful search of the vehicle, the district court relied on our opinion in *Garza*. In *Garza*, the defendant's semi-truck vehicle was pulled over in a traffic stop by federal Drug Enforcement Administration ("DEA") and United States Border Patrol agents, after they conducted a week-long surveillance that suggested the defendant was involved in drug trafficking. *Garza*, 10 F.3d at 1243-44. After ordering the defendant to exit the truck, a DEA agent noticed a strong odor of marijuana coming from the truck as the agent looked inside the vehicle via a "flapping" open door to confirm that no other individuals were hiding inside. *Id.* at 1244. The

federal agents then conducted a full search of the truck, discovering 150 pounds of marijuana stored in the cab. *Id.* at 1243. On appeal from the denial of the defendant's motion to suppress, we held that the agents had reasonable suspicion to conduct a traffic stop of the truck, and the DEA agent's "smelling the marijuana then constituted probable cause to believe that there was marijuana in the vehicle. Once this probable cause existed, a search warrant was not necessary." *Id.* at 1246.

Defendant Crumb attempts to distinguish *Garza*, arguing that it "is apparent that the lengthy surveillance of the Defendant's actions [in *Garza*] coupled with the smell of marijuana from an unknown source provided an objective basis for the finding of probable cause to search the semi-truck cab." Crumb is correct that the defendant in *Garza* was the subject of a week-long surveillance by federal agents. However, although the surveillance provided the agents with the reasonable suspicion sufficient to conduct a lawful traffic stop, *Garza*, 10 F.3d at 1245-46, it was the marijuana odor – and only the marijuana odor – that we cited as providing probable cause to search the interior of the truck. Thus, our opinion in *Garza* does not support Crumb's position.

Moreover, we have followed *Garza* consistently in holding that the detection of a narcotic's odor, by itself, is sufficient to provide probable cause to conduct a lawful search of a vehicle. *See United States v. Puckett*, 422 F.3d 340, 343 (6th Cir. 2005) (upholding the denial of a motion to suppress where police "smelled and saw in open view the marijuana in the seat" and "[t]herefore, there was probable cause to search the car at that point"); *Foster*, 376 F.3d at 588 (holding that "when the officers detected the smell of marijuana coming from Foster's vehicle, this provided them with probable cause to search the vehicle without a search warrant" which "therefore turned a lawful

*Terry* stop into a lawful search"); *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002) (observing that "[t]his court has held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search" and noting that "[t]he same may be true when marijuana is smelled within a home"). *See also Simpson*, 520 F.3d at 544-45 (holding that probable cause to search a vehicle existed "upon the alert of a trained narcotics-detection dog"); *United States v. Littleton*, 15 F. App'x 189, 193 (6th Cir. 2001) (rejecting defendant's argument that probable cause was lacking because drug detection dog was unreliable, and holding that training and reliability of drug dog was irrelevant because smell of marijuana was sufficient to establish probable cause to permit warrantless search of vehicle).

Furthermore, we reject Crumb's claim that the probable cause to search the vehicle terminated upon the seizure of the marijuana cigarette by Officer Duffy. It is clear that upon smelling the marijuana odor and seeing the marijuana cigarette, the police officers had reasonable grounds to believe that further evidence of a crime may be found inside the vehicle. *See Jackson*, 470 F.3d at 306 (citing, e.g., *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005)). Moreover, the presence of the speed loader found on Scott's person, coupled with the detection of the marijuana cigarette, suggested that Crumb and Scott may have been involved in the distribution of marijuana and established sufficient probable cause to search the vehicle.

Because the police had probable cause to search the vehicle, we hold that the district court did not err in denying Crumb's motion to suppress.

Affirmed.