BERTELSMAN, District Judge.
Defendant/Appellant, Ardell D. Noble, appeals from his conviction and sentence following his conditional guilty plea. Noble asserts that the district court erred in its rulings on his motion to suppress and in imposing his sentence. We AFFIRM.
I. BACKGROUND
On November 23, 2006, Thanksgiving Day, Cleveland Officers Budny and Kitko observed Noble sitting in the driver’s seat of a vehicle under a no-stopping sign with the engine running. Officer Budny pulled the squad car behind Noble’s vehicle, activating the squad lights and siren. Noble reacted by putting his hands in the air.
Both officers approached the vehicle, but only Officer Budny approached on the driver’s side. Officer Budny obtained Noble’s driver’s license and returned to the squad car to run the routine checks.
While in the squad car, Officer Budny told Officer Kitko that he thought he smelled marijuana emanating from Noble’s vehicle, but he was not certain because he was congested. The Officers returned to Noble’s vehicle and, this time, Officer Kit-ko approached on the driver’s side. Officer Kitko testified that he immediately smelled marijuana and asked Noble to step out of the vehicle. Once Noble was out of the vehicle, Officer Kitko asked him if he had any weapons. Noble did not respond, *963 but asked why he was asked to get out of his vehicle. Officer Kitko explained that he smelled marijuana and again asked Noble if he had a weapon. Noble did not respond.
Officer Kitko proceeded to pat down Noble. During the pat down, Officer Kit-ko felt a bag in Noble’s right pants pocket, which Noble confirmed was marijuana. Officer Kitko also felt objects in Noble’s left pants pocket, which he believed to be cocaine and money. Officer Kitko lifted plaintiffs coat and saw a gun in Noble’s waistband. Officer Kitko removed the weapon and placed Noble under arrest.
On December 20, 2006, the State of Ohio indicted Noble for carrying a concealed weapon, having a weapon while under a disability, trafficking offenses, drug possession and possessing criminal tools. Noble was also cited for illegal parking.
On January 9, 2007, the federal government filed a two-count indictment against Noble for felony possession of a firearm and possession of crack cocaine. On January 17, 2007, the State of Ohio dismissed the state charges.
On January 23, 2007, Agents Mullen and McBride, from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), went to Noble’s apartment to interview him. Agent Mullen testified that, at the time of the interview, he knew that Noble had been charged in state court, that he had retained a lawyer for the state matter, and that a federal grand jury had returned an indictment against Noble. Noble asked the agents if he should have his attorney present. The agents told Noble that they could not give him legal advice, and they read him his Miranda rights and a waiver. Noble signed the waiver.
Agent Mullen testified that, during the interview, Noble admitted to the crimes charged, but he did not want to make a written or recorded statement without his attorney being present.
On February 2, 2007, Noble pled not guilty to the federal charges. On June 5, 2007, the district court held a hearing on Noble’s motion to suppress the evidence obtained from the pat-down and from his interview with the ATF agents. The district court denied Noble’s motion to suppress.
On June 12, 2007, the district court approved Noble’s plea agreement in which he agreed to plead guilty to both counts, but reserved the right to appeal the court’s denial of his motion to suppress and any sentence imposed above the Guidelines range.
On January 16, 2008, the district court entered its judgment in this matter, sentencing Noble to 120 months on each count, to be served concurrently.
II. ANALYSIS
On appeal, Noble challenges the district court’s rulings on his motion to suppress and his sentence. As explained below, we find that the district court properly denied the motion to suppress and that the sentence is procedurally and substantively reasonable.
A. The Motion to Suppress was Properly Denied.
1. Teny[1] Stop and Pat-Down
When reviewing a district court’s decision on a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. United States v. Foster, 376 F.3d 577, 583 (6th Cir.2004). When a district court has denied a motion to suppress, we review the evidence in the light most likely to support the district court’s decision. Id.
*964 Noble argues that the officers lacked probable cause to make the initial stop because it occurred on Thanksgiving Day, when parking regulations were not in effect. The district court correctly found, however, that the officers had probable cause to approach Noble’s car because he was stopped under a no-stopping sign, during the relevant time period, and that the Cleveland Codified Ordinance exempts only parking regulations on holidays, not stopping regulations.[2] Cleveland Codified Ordinance § 403.03. Noble’s contention that the traffic stop was pretextual is irrelevant. See Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
Noble also contends that the seizure was unreasonable because the officers detained him longer than necessary to write the citation. We have previously held that to detain a motorist after a traffic stop longer than is reasonably necessary to issue the citation, “the officer must have reasonable suspicion that the individual has engaged in more extensive criminal conduct.” United States v. Townsend, 305 F.3d 537, 541 (6th Cir.2002).
Here, the smell of marijuana emanating from Noble’s vehicle constituted a change of circumstances that suggested Noble was engaged in illegal activity, which authorized further detention so the officers could investigate. United States v. Ivey, 307 Fed.Appx. 941, 942 (6th Cir.2009) (smell of alcohol provided requisite suspicion to justify continued detention under Terry); United States v. Crumb, 287 Fed.Appx. 511, 514 (6th Cir.2008) (citing cases holding that detection of odor of illegal substance provides probable cause); United States v. Borne, 239 Fed.Appx. 185, 186-87 (6th Cir.2007) (odor known to officer as that associated with methamphetamine sufficient basis to extend traffic stop and knowledge that drug dealers go armed justified search); United States v. Garza, 10 F.3d 1241, 1246 (6th Cir.1993) (agent’s detection of marijuana odor constituted probable cause to believe marijuana was in vehicle). Thus, the district court correctly concluded that the extended detention was not unreasonable.
Noble also argues that the pat down exceeded the constitutional parameters of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), because the officers did not have reason to believe he was armed and dangerous. The Supreme Court has recently explained Terry’s application to traffic stops:
[W]e hold that, in a traffic-stop setting, the first Teri“y condition — a lawful investigatory stop — is met whenever it is lawful for police to detain an automobile and its occupants pending inquiry into a vehicular violation. The police need not have, in addition, cause to believe any occupant of the vehicle is involved in criminal activity. To justify a patdown of the driver or a passenger during a traffic stop, however, just as in the case of a pedestrian reasonably suspected of criminal activity, the police must harbor reasonable suspicion that the person subject to the frisk is armed and dangerous.
Arizona v. Johnson, — U.S. -, 129 S.Ct. 781, 784, 172 L.Ed.2d 694 (2009) (emphasis added). A court’s analysis of a Terry stop and pat down “must focus on the objective reasonableness of the police officer’s actions.” United States v. Ellis, 497 F.3d 606, 612 (6th Cir.2007) (citation omitted).
*965 Although an officer does not have the authority to automatically perform a pat down of a person stopped for a vehicular violation, we have found, in comparable situations, that a pat down during a traffic stop is reasonable when additional facts are present which indicate that the person may be armed. See United States v. Campbell, 549 F.3d 364, 373 (6th Cir.2008); Borne, 239 Fed.Appx. at 186-87 (frisk supported by fact officer smelled methamphetamine and knew methamphetamine traffickers in area were likely to be armed).
Here, the officers testified that they patted down Noble for safety reasons because they smelled marijuana. Noble argues that the officers admitted that they did not have any information that he was armed and dangerous. Terry does not, however, require an officer to be certain that an individual is armed before he performs a protective frisk. Instead, officers conducting a routine traffic stop may perform a pat down of a driver upon reasonable suspicion that he may be armed and dangerous. Johnson, 129 S.Ct. at 787.
We find that the officers had a reasonable belief that Noble may be armed because of their suspicion that he was involved in illegal drug activity, which was supported by the odor of marijuana emanating from Noble’s vehicle and Noble’s lack of response when asked if he had a weapon, along with the officers’ experience that persons engaged in drug activity are often armed. Terry, 392 U.S. at 27, 88 S.Ct. 1868 (in determining if officer acted reasonably, due weight must be given to reasonable inference which he is entitled to draw from facts in light of his experience). See also United States v. Garza, 10 F.3d 1241, 1246 (6th Cir.1993); United States v. Thomas, No. 97-4827, 1998 WL 852951, at *6 (4th Cir.1998) (smell of marijuana, defendant’s actions prior to approaching checkpoint, and officer’s experience that weapons frequently accompany drugs, all provided justification for officer to conduct protective search).
2. Statements Made to Agents
Noble further argues that the district court erred in not suppressing the statements he made to the ATF agents because he had invoked his right to counsel on the state charges and, therefore, his exercise of that right also attached to the federal charges. Despite Noble’s contention, the fact that he requested, and was appointed, counsel to defend him on the state charges did not invoke his Fifth Amendment rights, but only invoked his Sixth Amendment rights with respect to those charges. See McNeil v. Wisconsin, 501 U.S. 171, 177-78, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991).
We also find that Noble’s Sixth Amendment right to counsel on the state charges was extinguished by the state’s dismissal of those charges. See Cato-Riggs v. Yukins, 46 Fed.Appx. 821, 824 (6th Cir.2002); United States v. Montgomery, 262 F.3d 233, 246-47 (4th Cir.2001). See also United States v. Toepfer, 317 Fed.Appx. 857, 861 (11th Cir.2008), cert. denied, - U.S. - -, 129 S.Ct. 1000, 173 L.Ed.2d 292 (2009); United States v. Martinez, 972 F.2d 1100, 1105 (9th Cir.1992). Neither party contests that at the time of Noble’s interview with the ATF agents, the state charges had already been dismissed and that Noble had not yet specifically invoked his Sixth Amendment right to counsel with regard to the federal charges. Thus, because Noble had no “active” Sixth Amendment right at the time of the interview, the Government could not have violated that right.
B. The Sentence Is Procedurally and Substantively Reasonable.
Noble pled guilty to possession of a controlled substance and being a felon in *966 possession of a firearm. The presentence report calculated Noble’s advisory Guidelines range at 110 to 137 months, based on a total offense level of 25 and a criminal history category of six. The district court imposed a sentence of incarceration of 120 months on each count, to be served concurrently.
Noble argues that the district court erred in not adequately explaining the sentence and by arbitrarily picking a number of months of incarceration without adequate consideration of the required statutory factors contained in 18 U.S.C. § 3553(a).
We review a within-Guidelines sentence for reasonableness. United States v. Walls, 546 F.3d 728, 736 (6th Cir.2008), cert. denied, — U.S. -, 130 S.Ct. 516, 175 L.Ed.2d 366 (2009). In reviewing a sentence for reasonableness, we must consider both the procedural and substantive aspects of the district court’s decision. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
In reviewing a sentence for procedural reasonableness, we must “ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.” Id. We have held that a sentence is proeedurally reasonable if (1) the district court correctly calculated the Guidelines range and used it as a starting point for its analysis; (2) the parties were given an opportunity to argue for the sentences they deemed appropriate; (3) the district court made an individualized sentencing decision based upon the facts and the § 3553(a) factors, and (4) the district court adequately explained the sentence imposed. United States v. Bolds, 511 F.3d 568, 579-80 (6th Cir.2007).
Although Noble does not argue that the Guidelines range was improperly calculated, we have reviewed the presentence report, the objections thereto and the sentencing transcript, and confirm that the district court properly calculated the Guidelines range.
In addition, we have thoroughly reviewed the sentencing transcript and find that the district court adequately applied the facts to the § 3553(a) factors. First, the court explained the details of Noble’s case and the conduct that lead to the charges. Second, the court detailed Noble’s history and personal characteristics, both positive and negative, including family relationships and prior criminal history. Third, the court permitted both the government and Noble’s counsel to discuss what they believed the appropriate sentence should be. Fourth, the court discussed that the Guidelines range of 110-137 months reflects the seriousness of the offense, provides some level of deterrence for others, and protects the public. Fifth, the court noted that it did not have any co-defendants to consider, but that the Guidelines range was consistent with sentences imposed on other defendants committing similar offenses with a comparable criminal history category. Lastly, the court explained the victim impact that Noble’s crime has on society in general. Thus, the district court provided a thorough analysis of its individualized sentencing decision, and we find it did not commit procedural error in sentencing Noble.
Finding the sentence proeedurally reasonable, we now “consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard.” Gall, 552 U.S. at 51, 128 S.Ct. 586. “A sentence is substantively unreasonable if the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider perti *967 nent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.” Walls, 546 F.3d at 736 (alterations in original) (internal quotation marks omitted) (citation omitted). If the sentence imposed is within the properly calculated Guidelines range, we apply a rebut-table presumption of reasonableness. United States v. Vonner, 516 F.3d 382, 389 (6th Cir.) (en banc), cert. denied, — U.S. -, 129 S.Ct. 68, 172 L.Ed.2d 26 (2008).
Here, Noble argues that his sentence was substantively unreasonable because the court simply presumed a sentence within the Guidelines range would be reasonable and it did not articulate that it knew the Guidelines were not mandatory. However, as discussed above, the court articulated a detailed analysis of the facts of this case with respect to the § 3553(a) factors. The court also discussed the mandatory minimum sentence required on the firearm charge and the statutory penalties attributed to both counts. The district court concluded that the Guidelines range was consistent with similarly situated defendants and that a sentence at the bottom of the range was not appropriate for Noble. In addition, the defendant acknowledged in the plea agreement that he understood that the court must consider the advisory Sentencing Guidelines in determining a sentence.
Noble argues that the district court’s sentencing comments are similar to those the Supreme Court found wanting in Nelson v. United States, — U.S. -, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009). In Nelson, however, the district court specifically stated that a sentence imposed within the Guidelines range is presumptively reasonable. Id. at 891, 129 S.Ct. 890.
Here, the district court did not state that the sentence imposed was presumed reasonable simply because it was within the Guidelines range. Instead, the record supports a finding that the district court performed the pertinent analysis, did not give unreasonable weight to some factors over others, and did not abuse its discretion in sentencing Noble. Noble has not met his burden to rebut the presumption of reasonableness afforded his within-Guidelines sentence on appeal. Accordingly, we find that the sentence imposed by the district court was not unreasonable.
CONCLUSION
For the foregoing reasons, we AFFIRM the decision of the district court.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. As we read the ordinance, "stopping” forbids even brief cessation of movement of a vehicle, and is used where such cessation might impede traffic. Thus, the fact that "no parking” regulations were not in effect on Thanksgiving Day does not mean that "stopping” regulations were also not in effect.