<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 18a0258n.06

Case No. 17-6059

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | May 24, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| BOBBY MCKINLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, COOK, and WHITE, Circuit Judges.

COOK, Circuit Judge. Officers pulled over Bobby McKinley, searched his car, and found a loaded gun and a bottle of Xanax. A jury found him guilty of possessing a firearm as a felon. McKinley appeals the admission of certain evidence at trial and his sentence. We AFFIRM.

**I.**

Officer Newman and Detective Leatherwood stopped McKinley for driving with his high beams on in violation of a Memphis ordinance. *See* Memphis Code of Ordinances § 11-32-7(A) (2018). Upon finding his license suspended they asked him to exit his car. When McKinley stepped out, the officers smelled marijuana and noticed a pill vial lying on the floor in front of the driver's seat. As Detective Leatherwood retrieved the vial, which was labeled with someone else's name, he spotted a handgun under the driver's seat. The officers found 100 Xanax tablets in the bottle and $573 in cash on McKinley.

After McKinley unsuccessfully moved to suppress this evidence, a jury found him guilty of possessing the firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSR") classified McKinley as an armed career criminal under the Armed Career Criminal Act, mandating a 15-year minimum sentence. *See* 18 U.S.C. § 924(e). The PSR also recommended a sentencing enhancement under U.S.S.G. § 4B1.4(b)(3)(A) for possessing the firearm in connection with a controlled substance offense, resulting in an advisory Guidelines range of 262 to 327 months.

At the sentencing hearing, the Government played recordings of McKinley calling a woman from jail to discuss drug sales. Citing those calls as clear evidence of drug trafficking, the district court overruled McKinley's objection to the enhancement.[1] The court nevertheless varied downward from the Guidelines range, sentencing McKinley to 235 months' imprisonment, followed by three years of supervised release. He appeals.

## II.

McKinley claims error by the district court in denying suppression of the evidence recovered from his traffic stop, arguing that the police lacked probable cause for both the stop and the search of his car. In reviewing a district court's suppression determination, we review

---

[1] THE COURT: The jail calls clearly indicate that Mr. McKinley is involved in the sale of drugs. He's talking about quantities. Whoever he's talking to he's asking her questions about how much he has left, how much she's selling them for so he can keep up with it all in his head. So he is clearly managing, trying to manage the sale of drugs while he's in prison, which is another factor that goes to the consideration of the evidence that was found that night when Mr. McKinley was stopped.

factual findings for clear error and legal conclusions de novo. *United States v. Moon*, 513 F.3d 527, 536 (6th Cir. 2008). Because the district court denied McKinley's motion, we consider the evidence in the light most favorable to the Government. *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (en banc) (citing *United States v. Wellman*, 185 F.3d 651, 654–55 (6th Cir. 1999)).

## A.

Take the stop first. "A police officer may legally stop a car when he has probable cause to believe that a civil traffic violation has occurred." *United States v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008). Courts review "the totality of the circumstances" when assessing the validity of a stop. *United States v. Roberts*, 986 F.2d 1026, 1029 (6th Cir. 1993) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)).

McKinley alleges that the officers used his high beams as a pretext for pulling him over. But probable cause makes the officers' subjective intent irrelevant. *Torres-Ramos*, 536 F.3d at 550. Newman and Leatherwood observed McKinley's high beams and saw McKinley's high-beam indicator illuminated on the car's dash, giving them probable cause for the stop. Indeed, McKinley admitted a faulty headlight had him resorting to using his high beams.

## B.

Turning to the search of the car, we have repeatedly held that the smell of marijuana establishes probable cause to search a vehicle. *See, e.g.*, *United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2004) ("[W]hen the officers detected the smell of marijuana coming from [the defendant's] vehicle, this provided them with probable cause to search the vehicle without a

search warrant."); *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993). As McKinley exited his car, both officers smelled marijuana; the district court found that they testified credibly on that score. Given this, we agree that probable cause existed for the search. *See United States v. Littleton*, 15 F. App'x 189, 193 (6th Cir. 2001) (affirming denial of suppression motion where officer smelled, but never found, marijuana). The district court properly denied the motion to suppress.

### III.

McKinley's arguments surrounding his sentence also fall short. We review sentencing decisions deferentially, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). "This review has two components: procedural reasonableness and substantive reasonableness." *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). A district court errs procedurally by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. To be substantively reasonable, the sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (citation and internal quotation marks omitted).

**A.**

McKinley attacks the procedural reasonableness of his sentence, contending that the district court improperly enhanced his Guidelines range for possessing the firearm in connection with a controlled substance offense. *See* U.S.S.G. § 4B1.4(b)(3)(A). To satisfy the "in connection with" requirement, the Government must show by a preponderance of the evidence that "the weapon facilitated or potentially facilitated the felonious conduct, or emboldened the defendant during the felonious conduct." *United States v. Goodman*, 519 F.3d 310, 321 (6th Cir. 2008) (quoting *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004)). We review the district court's application of this guideline deferentially. *Id.*

As evidence of drug trafficking, the district court highlighted McKinley's possessing more pills than necessary for personal use. The cash McKinley had, the court reasoned, could also be drug-related, though McKinley claimed otherwise. And importantly, the court found that the recorded jail calls "clearly indicate[d] that Mr. McKinley is involved in the sale of drugs."

Despite this evidence, McKinley insists that the Government failed to establish a nexus between the gun and drug trafficking. We disagree. Although "the enhancement is not automatic when the police discover guns and drugs together," *United States v. Berkey*, 406 F. App'x 938, 940 (6th Cir. 2011), the facts here go beyond mere proximity. In similar settings, we have concluded that a defendant possessed a gun "in connection with" a drug offense. *See id.* (holding that defendant had a gun in his car in connection with marijuana possession); *James v. United States*, 217 F. App'x 431, 438–39 (6th Cir. 2007) (same, regarding an amount of

5

marijuana indicative of distribution found in defendant's car under a seat next to a gun). The district court justifiably applied the enhancement.

**B.**

Next, McKinley disputes the substantive reasonableness of his sentence. Within-Guidelines sentences are presumed reasonable, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and that presumption carries even greater weight for below-Guidelines sentences like this one, *United States v. Curry,* 536 F.3d 571, 573 (6th Cir. 2008). McKinley fails to overcome that presumption.

McKinley asks us to look more leniently upon his criminal history than did the district court, but we limit our review to whether the district court abused its discretion. *See Gall*, 552 U.S. at 41. The court discussed McKinley's criminal history, the nature and circumstances of the offense, his personal history and characteristics, the seriousness of the offense, the need for deterrence, and the need to protect the public. Because the court thoroughly considered these § 3553(a) factors, McKinley's assertion that we should reweigh them on appeal is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

**IV.**

We AFFIRM the district court's judgment.