**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0609n.06

Case No. 19-3044

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| DWAYNE B. SHERON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Dec 11, 2019
DEBORAH S. HUNT, Clerk

BEFORE: BATCHELDER, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Sometimes, you just had to be there. That's especially the case with credibility judgments like the one the district court made here. Because the court did not clearly err in that judgment, we affirm.

Dwayne Sheron was driving in a high-crime area when he sped through a stop sign. Two patrol officers, Officer Lester Webb and his partner, saw Sheron. So they pulled him over. What happened next is at the center of this case.

As the officers approached the car, Officer Webb immediately noticed the smell of burnt marijuana coming from the window. He also noticed that Sheron stuck his hands out the window to provide his license and registration. The officers ran Sheron's license through their system and found a possible warrant for his arrest. So the officers contacted dispatch to confirm the possible warrant—as policy instructs them to do. (It ultimately turned out there was no current warrant.)

While the officers waited for dispatch to confirm whether the warrant was current, they notified Sheron of the possible warrant and asked him to exit the vehicle. But he did not comply. Instead, he appeared to be hiding something on the floor of his car. When Sheron finally exited the vehicle, the officers handcuffed him and placed him in their police cruiser. Officer Webb then returned to Sheron's car, looked under the driver's seat, and found a gun. His partner later found burnt marijuana blunts in an ashtray on top of the center console of Sheron's car. Sheron was arrested and charged with being a felon in possession of a firearm.

In the district court, Sheron moved to suppress the gun. At the suppression hearing, the court considered all the evidence and heard from witnesses. But it ultimately denied the motion. Sheron then pled guilty but reserved his right to appeal the denial of his motion to suppress.

On appeal, Sheron argues the officers lacked probable cause to search his vehicle. Why? Because, he says, Officer Webb did not *really* smell marijuana, but rather made up that fact after he discovered the firearm and the marijuana blunt. The smell of marijuana establishes probable cause. *See United States v. Crumb*, 287 F. App'x 511, 514 (6th Cir. 2008) (collecting cases); *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993). So this case comes down to credibility. Should the district court have believed Officer Webb?

The district court found Officer Webb credible and that finding is entitled to great deference. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). Like any other factual finding, we review for clear error. *Id.* at 573. That means that we accept findings of fact so long as "the district court's account of the evidence is *plausible* in light of the record viewed in its entirety," even if we might have weighed the evidence differently ourselves. *Id.* at 573–74 (emphasis added). We give this deference for good reason. "District courts find facts every day, and with that experience comes expertise." *Guest-Marcotte v. Life Ins. Co. of N. Am.*, 768 F.

App'x 357, 363 (6th Cir. 2019) (Thapar, J., dissenting). This means we undo the district court's finding only upon a "definite and firm conviction" that it was wrong. *Id.* at 362 (cleaned up).

We hold no such conviction here. As the district court pointed out, considerable evidence supports Officer Webb's credibility. First and most important, there *was* a burnt marijuana roach on the center console of Sheron's car. That strongly corroborates Officer Webb's statement. Second, Sheron acted as if he were hiding something on the floor when the officers asked him to exit the car. Finally, Officer Webb's overall account of the events was credible, as the body camera corroborated his description of what happened. This makes it more likely that he testified credibly about the smell of marijuana as well.

To be sure, reasonable minds could disagree about whether Officer Webb really smelled marijuana. For one, Officer Webb announced that he smelled marijuana only *after* he found the gun. For another, he first told his partner he was going to search for *weapons*, not drugs. But the district court considered these facts, weighed them against the others, and decided that Officer Webb's testimony was credible. That's not clear error.

What's more, the Supreme Court has told us that district courts deserve even *more* deference when they make credibility judgments. *Anderson*, 470 U.S. at 575. That's because "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Id.*

This follows from everyday life. Think about the difference between watching a movie in the front row of a theater and reading the screenplay after the fact. Sure, you could read Arnold Schwarzenegger announce that he'll be back. But it's just not the same as watching the iconic scene in *The Terminator*. And how many misunderstandings could have been avoided if people had spoken face-to-face, rather than by text or email? Sifting through a cold written record, months

or even years later, we lose the crucial human element that lies at the heart of credibility judgments. The Supreme Court recognized this reality and required that we do the same.

All that said, an officer's assertion that he smelled marijuana at the scene does not automatically render a search lawful. These are not "magic words." Appellant Reply at 4. We rely on district courts to evaluate such statements and make credibility judgments case by case. The district court did just that here, and we have no reason to believe it clearly erred.

We affirm.