NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0056n.06
Filed: January 26, 2009

No. 07-5992

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DENNIS JOEL IVEY, | ) | **M E M O R A N D U M** |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |

BEFORE:    McKEAGUE and GRIFFIN, Circuit Judges; and WEBER, Senior District
Judge.[*]

**PER CURIAM.**  A federal jury convicted Dennis Joel Ivey of being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g), and of possessing a firearm with an obliterated serial

number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B).  The district court had earlier denied a

defense motion to suppress evidence discovered in Ivey's car.  At sentencing, the district court found

that a within-Guidelines sentence was appropriate, and sentenced Ivey to 210 months of

imprisonment on each count, to be served concurrently, and three years of supervised release.

Ivey appeals both the district court's denial of his motion to suppress as well as the

reasonableness of his sentence.  Having carefully considered the parties' briefs on appeal and the

record of the proceedings below, we are not persuaded that a lengthy opinion is necessary.  We

affirm for the reasons set forth below.

---

[*]The Honorable Herman J. Weber, Senior United States District Judge for the Southern
District of Ohio, sitting by designation.

**I**

As to Ivey's first claim, we find no reversible error by the district court in its denial of the

motion to suppress. As the district court explained in its order denying the motion,

> In sum, the initial encounter between Ivey and officer Kelly in which officer
> Kelly pulled up behind Ivey's vehicle, aroused him from his state of
> unconsciousness, and asked him who he was, did not constitute a seizure within the
> meaning of the Fourth Amendment because a reasonable person in Ivey's position
> would have felt free to leave at that point. However, once officer Kelly asked Ivey
> to exit the vehicle, the consensual encounter ripened into a Terry stop which required
> officer Kelly to possess a reasonable suspicion that Ivey was engaged in criminal
> activity. The smell of alcohol emanating from Ivey's person provided the requisite
> suspicion and justified Ivey's continued detention, the circumstances of which did
> not approach the conditions of an arrest. Finally, officer Kelly's lawful "plain view"
> discovery of the marijuana hanging out of the visor provided probable cause to
> effectuate Ivey's arrest and to conduct a full search of the interior of the vehicle.
> Because officer Kelly did not violate Ivey's Fourth Amendment rights, the
> exclusionary rule is not applicable, . . . .

*United States v. Ivey*, No. 1:05-cr-10082, order at 11 (W.D. Tenn. Apr. 19, 2007). We find that the

district court did not make any clear error in resolving the factual circumstances of the search and

arrest, nor did it make any error in applying the law to the facts. Accordingly, we **AFFIRM** the

denial of Ivey's motion to suppress for the reasons set forth in the district court's well-reasoned

order.

**II**

On appellate review of a defendant's sentence, we look to determine whether the defendant

received a reasonable sentence. We "must first ensure that the district court committed no

significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines

range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597 (2007). If procedurally sound, we then review the sentence for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 598. As this court has recognized, a within-Guidelines sentence is presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) (holding that "a properly calculated within-Guidelines sentence will be afforded a rebuttable presumption of reasonableness on appeal"); *see also Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2467 (2007) (holding that courts of appeals may adopt a presumption of reasonableness for within-Guidelines sentences).

Ivey's only argument on appeal regarding his sentence is that the district court failed to consider his request for a downward variance based on his medical conditions. He received a within-Guidelines sentence, so we begin with the presumption that his sentence was reasonable. As identified in the Presentence Report ("PSR"), at the time of the sentencing hearing Ivey suffered from back problems due to an earlier automobile-related injury and reported being diabetic, hypertensive, and having emphysema. JA 158. The PSR noted, however, that the medical records requested by the probation office had not been received. *Id*. A review of the record before us similarly shows no medical records confirming these conditions.

Ivey's main argument before the district court for a lower sentence was that several of his prior convictions should be consolidated for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). By consolidating the convictions, Ivey argued that the advisory Guidelines range would

be significantly lower. As to his medical conditions, Ivey argued in his written objections that his "current medical situation" and the other sentencing factors set forth at 18 U.S.C. § 3553(a) warranted a sentence below the PSR's suggested range. JA 47. Ivey's counsel reiterated during the sentencing hearing that defendant's "medical situation" and relatively peaceful behavior weighed in favor of a below-Guidelines sentence. JA 135-36.

In sentencing Ivey, the district court did not specifically refer to Ivey's reported medical conditions. It did address at some length Ivey's Armed Career Criminal Act argument and found that the convictions should be treated separately for purposes of calculating the Guidelines range. JA 140-42. After arriving at a sentencing range of 210 to 262 months of imprisonment, the district court then considered other relevant sentencing factors under § 3553(a). It looked at the nature and circumstances of the possession offense, finding nothing about Ivey's criminal actions especially aggravated or more serious than simple felon in possession. JA 142. It then considered the history and characteristics of the defendant, noting that his long criminal history certainly did not weigh in his favor. JA 143. The district court went on to consider alternative sentences, the need to avoid disparate sentences, and the need to send a deterrent message to others in the community. JA 143-44. The district court concluded that a within-Guidelines sentence was warranted, but that one at the bottom of the range was sufficient to punish Ivey and to protect society. JA 144.

While we might have briefly addressed Ivey's reported medical conditions were we sitting as the sentencing court, we do not find that the district court abused its discretion here. Ivey never made clear that he was seeking a downward variance based solely on his reported medical conditions—each mention of his conditions was joined with some other reason for a lower sentence,

which the district court addressed. However, even had Ivey clearly made a request for a variance based on his medical conditions, we would still affirm his sentence. First, there is no verification of any medical conditions in the record before us. Second, and equally as important, nowhere does Ivey make any connection between his reported medical conditions and the appropriateness of a lower sentence. *Why* his medical conditions favor a lower sentence was not addressed before the district court and still has not been addressed to this day. Ivey's counsel argued for a sentencing range of 110 to 137 months of imprisonment; he received 210 months. It is not clear how imprisonment of almost ten years would impact his medical conditions any differently than would imprisonment of almost twenty years. Nor was it argued that Ivey's prognosis suggested his medical conditions would appreciably worsen were he to be imprisoned for 210 years, but not if he were imprisoned for only 110 months. Ivey has failed to show that he could not receive sufficient medical treatment for his relatively common conditions while in prison. Without a better-developed request for a variance, both factually and legally, the district court was not required to explain why Ivey's medical conditions did not warrant a lower sentence. *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) ("When a district court adequately explains why it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse—why an alternative sentence was not selected—in every instance."). We find that Ivey has failed to rebut the presumption of reasonableness of his within-Guidelines sentence and, accordingly, we **AFFIRM** his sentence.