NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0118n.06

No. 10-4603

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 01, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| KENNETH HUTCHINSON | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:     MOORE, CLAY, and McKEAGUE, Circuit Judges.

   **McKeague, Circuit Judge.**  Defendant Kenneth Hutchinson appeals his sentence of 188

months' imprisonment for various convictions involving the receipt, possession, and distribution of

child pornography.  Hutchinson contends his sentence was unreasonable on two grounds.  First, he

takes issue with the application of an enhancement for the large number of images involved.  But

his argument on this point is unavailing.  Second, Hutchinson claims his sentences violate the Fifth

Amendment's proscription against double jeopardy. We agree, and so we vacate his convictions and

sentence in part and remand to the district court for further proceedings consistent with this opinion.

## I.  BACKGROUND

   Hutchinson confessed to federal investigators that he traded child pornography using the

online chat application Google Hello and a file-sharing program called Gigatribe.   The FBI

discovered 10,405 images and 61 videos of child pornography on Hutchinson's laptop.   On

September 14, 2010, Hutchinson entered a guilty plea to charges of Receipt and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(2); Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

According to the pre-sentence report, Hutchinson's base offense level was 22. Among other enhancements based on the age of the victims and the nature of the offenses, a five-level enhancement was added under U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved more than 600 images ("the number-of-images enhancement"). After enhancements, Hutchinson's adjusted offense level was 40. The pre-sentence report recommended a three-level reduction for acceptance of responsibility, making his offense level 37. Hutchinson's Criminal History Category was II, resulting in an advisory sentencing Guidelines range of 235 to 293 months. However, because the statutory maximum sentence for Hutchinson's offenses was 240 months, the advisory Guidelines range became 235 to 240 months.

Hutchinson objected to some of the enhancements recommended in the pre-sentence report, including the number-of-images enhancement. The court concluded that the enhancement was appropriate because, even if all duplicate images were discounted, there were still 9,382 images of child pornography on his computer—well over the 600 images needed to qualify for the enhancement. The district court also rejected Hutchinson's argument that U.S.S.G. § 2G2.2 is unreasonable. The court concluded that the reduced range of 151 to 188 months was sufficient but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a)(2).

The court found that "given the nature of the images and the number of the images, that a high end of that range is appropriate."

After engaging in this analysis, the district court sentenced Hutchinson to 188 months' imprisonment for each of Counts 1 and 2, and 120 months for Count 3, all to be served concurrently. The court further ordered supervised release for a period of eight years as to each count, to be served concurrently. A special assessment of three hundred dollars was levied. Hutchinson appeals.

## II. ANALYSIS

We review Hutchinson's sentence for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Reasonableness is judged on an abuse-of-discretion standard. *United States v. Webb*, 616 F.3d 605, 609 (6th Cir. 2010). An abuse of discretion occurs where the reviewing court is left with a "definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006).

Hutchinson contends that his sentence was procedurally unreasonable because it included the number-of-images enhancement, which he believes is constitutionally infirm. Further, Hutchinson argues his sentence is substantively unreasonable because the sentencing court relied on an impermissible factor, i.e., the number-of-images enhancement. The fate of both these arguments rests on the constitutionality of the number-of-images enhancement. Finally, Hutchinson claims his convictions violate the Double Jeopardy Clause.

### A. The Number-of-Images Enhancement Does not Violate Separation of Powers

Hutchinson criticizes the Guidelines-amendment process that was used to enact the number-of-images enhancement, stating that promulgation of the enhancement through the United States

Code, rather than through the United States Sentencing Commission, violated the separation of powers doctrine. But this Court has already determined that the number-of-images enhancement is constitutionally sound. *See United States v. McNerney*, 636 F.3d 772, 775–78 (6th Cir. 2011); *see also United States v. Dattilio*, No. 09-4219, 2011 WL 4485165, at *6 (6th Cir. Sept. 29, 2011); *United States v. Lamb*, 431 F. App'x 421, 423 n.1 (6th Cir. 2011) (stating "[a]lthough [appellant] also appealed the constitutionality of [the number-of-images enhancement], both Appellant and Appellee conceded . . . that the question had already been decided in [*McNerney*]").

In *McNerney*, 636 F.3d at 775, the defendant argued that duplicate images should not be counted in the number-of-images enhancement. As a necessary precursor to determining whether duplicates should be counted, the panel reached the constitutionality of the enhancement itself. *See id.* at 776–78. Because this was a matter of first impression for the Circuit, the panel outlined a number of cases from other circuits and commentaries describing the uniquely active role Congress played in crafting the sentencing scheme for child pornography offenses. *Id.* The panel further noted Congress's unambiguous intent to deter and punish child pornography offenses. *Id.* at 776 (citing *United States Sentencing Comm'n, The History of the Child Pornography Guidelines* (Oct. 2009)). The panel reasoned:

> It is axiomatic that "[i]n our system, so far as at least concerns the federal powers, defining crimes and fixing penalties are legislative . . . functions." . . . The Supreme Court has reiterated that "Congress, of course, has the power to fix the sentence for a federal crime."

*Id.* at 778 (citing *United States v. Evans*, 333 U.S. 483, 486 (1948)) (quoting *Mistretta v. United States*, 488 U.S. 361, 364 (1989)). The panel concluded that Congress retained ultimate authority

over federal sentencing guidelines despite its delegation to the Sentencing Commission in the Sentencing Reform Act. *Id.*

This panel may not overrule the decision of another panel; the earlier determination is binding authority unless a decision of the United States Supreme Court mandates modification or this Court overrules the prior decision while sitting en banc. *See Salmi v. Secretary of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); *see also* Sixth Cir. R. 206(c). Thus, even if we were inclined to do so, we could not find Hutchinson's sentence procedurally or substantively unreasonable on these grounds.

## B. The Convictions Pose Double Jeopardy Problems

Through a supplemental citation submitted pursuant to Federal Rule of Appellate Procedure 28(j), Hutchinson claimed that his convictions for both Receipt and Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) ("Count Two"), and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Count Three") violate the Double Jeopardy Clause. During oral argument, Hutchinson extended this claim, arguing that punishment for both Receipt and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct pursuant to 18 U.S.C. § 2252(a)(2) ("Count One") and Count Two, Receipt and Distribution of Child Pornography, runs afoul of double jeopardy.

Because Hutchinson did not raise his double jeopardy claims before the district court, we review them for plain error. *United States v. Branham*, 97 F.3d 835, 842 (6th Cir. 1996). To establish plain error, Hutchinson must show that there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotations

and markings omitted). When all three conditions are met, the court "may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The Fifth Amendment prevents persons from being "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Under the test set forth in *Blockburger v. United States*, if the same act constitutes a violation of two statutory provisions, the Double Jeopardy Clause prohibits punishing a defendant for both violations unless "each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). A common shorthand for this standard is whether one offense is a lesser-included offense of the other. *E.g.*, *United States v. Dudeck*, 657 F.3d 424, 429 (6th Cir. 2011).

*1. Convictions for Counts Two and Three Violate Double Jeopardy*

In *United States v. Ehle*, 640 F.3d 689, 698 (6th Cir. 2011), we held that conviction for both receipt and possession of the same child pornography obtained via the internet was a double jeopardy violation. We qualified this holding in *Dudeck*, determining that "while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." *Dudeck*, 657 F.3d at 430. For both receipt and possession convictions to stand, the indictment must contain the conduct necessary to sustain the two separate offenses. *See id.* at 431; *see also United States v. Bobb*, 577 F.3d 1366, 1374–75 (11th Cir. 2009) (noting that defendant was charged with receiving seven videos and several picture files on November 12, 2004, but separately charged with possessing more than 6,000 additional picture files in August 2005); *United States v. Overton*, 573 F.3d 679,

697 (9th Cir. 2011) (noting that defendant's receipt charge was based on images downloaded from the internet, but possession was predicated on images taken of his minor stepdaughter).

Here, because Count Two alleged both receipt and distribution of child pornography, *Ehle* dictates that Hutchinson's possession conviction under Count Three is a lesser-included offense of Count Two unless separate conduct supported each charge. *See Dudeck*, 657 F.3d at 431. The indictment against Hutchinson charged, under Count Three, that: "On or about May 14, 2009, . . . [Hutchinson] did knowingly possess a Toshiba laptop computer that contained child pornography, as defined in [18 U.S.C. §] 2256(8), which child pornography had been shipped and transported in interstate and foreign commerce by any means including by computer." Likewise, for Count Two, the indictment charged "From on or about July 3, 2007, through on or about May 14, 2009, . . . the defendant, Kenneth Hutchinson, did knowingly receive and distribute child pornography, as defined in [18 U.S.C. §] 2256(8), that had been shipped and transported in interstate and foreign commerce, by computer." These allegations are supported by the same conduct. Hutchinson possessed only those materials he had already received via online trading. The fact that he went on to distribute duplicates of some of those images does not mitigate the fact that the possession charge was a lesser-included offense of receipt, for which Hutchinson was already punished under Count Two.

The offense conduct described in the pre-sentence report confirms this understanding of the charges. Officers were led to Hutchinson through his online user name for Google Hello. Hutchinson said that he used his Toshiba laptop when he viewed and traded child pornography. A search of his computer later turned up 10,405 such images. Hutchinson was not accused of creating the images he possessed, but rather possessing images he had received at some point. This overlapping conduct

forms the foundation of both Counts Two and Three, which offends the Double Jeopardy Clause. *Ehle*, 640 F.3d at 698.

Because it can be determined from the face of the indictment and pre-sentence report that separate and distinct conduct did not form the basis for each offense, this case is controlled by *Ehle*. *Id.* Therefore, there was plain error. *Id.* at 699. Even though the district court decided this case before *Ehle* was published, we determined in *Ehle* that *Ball v. United States*, 470 U.S. 856, 862–63 (1985)—a Supreme Court case that held dual convictions for possessing and receiving the same firearm violate the Double Jeopardy Clause—was sufficiently analogous to the receipt and possession of child pornography that the double jeopardy violation in *Ehle* was plain. *Ehle*, 640 F.3d at 699. Likewise here, the error is plain.

As for the effect this plain error had on Hutchinson's substantial rights, Hutchinson concedes that his prison sentences and supervised release periods were run concurrently, and thus as a purely practical matter, the only difference to Hutchinson is the special assessment, which was levied at $300—$100 for each offense. However, this special assessment is enough to affect his substantial rights. *See United States v. Ware*, 282 F.3d 902, 906 (6th Cir. 2002). Finally, we consider whether the plain error affects the "fairness and integrity of the judicial proceedings." *See Ehle*, 640 F.3d at 699 (internal quotation omitted). In *Ehle*, we found that there was "no doubt" that such a double jeopardy violation did so. *Id.*

Where convictions violate the Double Jeopardy Clause, the conviction for the lesser-included offense should be vacated. *See United States v. DeCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). Thus,

we vacate Hutchinson's conviction and sentence for Count Three, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

### 2. Convictions for Counts One and Two Could Violate Double Jeopardy

Hutchinson's convictions for both Count One under 18 U.S.C. § 2252(a)(2) as well as Count Two under 18 U.S.C. § 2252A(a)(2) also pose potential double jeopardy problems. *See Dudeck*, 657 F.3d at 431. Count One is based on the statutory proscription of receiving "real" child pornography, i.e., photos of minors actually engaged in sexually explicit conduct. *See* § 2252(a)(2). Count Two is based on a later-enacted statute that was meant to guard against both "real" child pornography and "virtual" child pornography—i.e., digitally created or altered images of minors made to look like they are engaged in sex acts. *See* Child Pornography Prevention Act of 1996, H.R. 3610, 104th Cong. (1996).

The record does not clarify whether these two convictions violate double jeopardy principles, constituting plain error. There will be a double jeopardy violation if the same images of "real" child pornography formed the basis of both Counts One and Two—rendering Count One a lesser-included offense of Count Two. *Dudeck*, 657 F.3d at 431; *see also Ball*, 470 U.S. at 861–63. Neither the indictment nor the pre-sentence report clarify whether Hutchinson's convictions under Count Two were based on images of "real" child pornography, or whether those same images were used to form the basis of Count One. In fact, the pre-sentence report indicates only that "real" child pornography was found, and contains no description of any "virtual" child pornography. Moreover, the indictment for Count Two points to the broad definition of child pornography found in 18 U.S.C. § 2256(8), which encompasses both "real" and "virtual" images. Because the record does not tell us whether

Hutchinson's convictions under Count Two rested on both real and virtual images, we do not vacate that conviction, but remand this question to the district court for further fact-finding and a determination consistent with this opinion.

### III.  CONCLUSION

Accordingly, we **VACATE** Hutchinson's conviction and sentence as to Count Three, and **REMAND** to the district court for a determination as to whether Counts One and Two are supported by separate conduct or images.  Should the district court find both counts are supported by the same conduct or images, the court is instructed to vacate Hutchinson's conviction and sentence for Count One.  The district court then should engage in de novo resentencing.