**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0397n.06

No. 18-3328

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 10, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICHARD G. LEMOINE, JR., | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: GRIFFIN, THAPAR, and READLER, Circuit Judges.

GRIFFIN, Circuit Judge.

Petitioner Richard Lemoine collaterally attacks his convictions for receipt and possession of child pornography. Lemoine claims that his trial counsel was constitutionally ineffective for failing to challenge the indictment as multiplicitous, advising him to plead guilty to both charges, and failing to raise the Double Jeopardy Clause at sentencing. Lemoine also asserts his right to counsel was violated when his attorney refused to file a notice of appeal that he requested, three months after judgment entered in his case.

We agree with the district court that the latter claim fails, so Lemoine is not entitled to an out-of-time appeal. However, because the district court did not directly address Lemoine's claims premised upon his counsel's failure to raise multiplicity or double jeopardy at any stage

of the case, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

I.

Petitioner Richard Lemoine accessed a website ("Website A") dedicated to the advertisement and distribution of child pornography for 32 hours between January 2, 2015 and February 22, 2015. Unfortunately for him, the FBI was in control of Website A, so it was able identify Lemoine via his IP address and confirm that he had downloaded child pornography. Based on this information, the FBI executed a search warrant for Lemoine's residence, resulting in the seizure of his computer hard drive, smartphone, and additional storage media on July 8, 2015. A forensic examination of the seized media subsequently revealed the presence of child pornography.[1]

A grand jury later charged Lemoine via a two-count indictment with receiving computer files that contained visual depictions of real minors engaged in sexually explicit conduct, from on or about December 26, 2012, through on or about July 5, 2015, in violation of 18 U.S.C. § 2252(a)(2) (Count 1), and with possessing child pornography that included an image of a prepubescent minor on July 8, 2015, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2).

Lemoine, with the advice of counsel, pleaded guilty to both charges. At the change-of-plea hearing, the government established the following as the factual basis for the charges contained in the indictment:

---

[1]On appeal, the government asserts that the FBI's analysis uncovered 84 unique images of child pornography and no videos of child pornography on Lemoine's laptop and 612 unique images of child pornography and 477 unique videos of child pornography on his thumb drive. However, the government provides no citation to support its assertion, and we find little support for the specifics in the record. At most, the record demonstrates that Lemoine saved unspecified quantities of child pornography on his "additional storage media."

> From on or about December 26, 2012 through on or about July 5, 2015, . . . the defendant Richard G. Lemoine, Jr. did knowingly receive in interstate and foreign commerce, by computer, numerous computer files, which contained visual depictions of real minors engaged in sexually explicit conduct.
>
> Defendant used a computer at his home . . . to connect to the Internet and download files that contained visual depictions of real minors engaged in sexually explicit conduct. Defendant was aware of the nature and content of such files, which he downloaded and saved on additional storage media.
>
> On July 8, 2015, the FBI's Child Exploitation Task Force executed a search warrant at the defendant's home in the Northern District of Ohio. Investigators seized, among other items, a computer hard drive, smartphone, and additional storage media.
>
> A forensic analysis of such media revealed the presence of approximately 487 videos of child pornography on the Defendant's computer.
>
> Defendant was aware of the nature and content of such files, and such files had been shipped and transported in interstate and foreign commerce.
>
> The images depicted prepubescent minors engaged in oral-to-genital intercourse, genital-to genital intercourse, and lascivious exhibition of the genital area. Some of the images depicted sadistic and masochistic conduct, including bondage, and depicted a prepubescent minor or minor that had not attained 12 years of age.

After Lemoine's guilty plea, the court ordered the preparation of a presentence report. The PSR stated that: (1) Lemoine accessed Website A to view child pornography for 32 hours between January 2, 2015 and February 22, 2015; (2) on February 22, 2015, Lemoine accessed three different posts on Website A that collectively linked to 65 images of child pornography; (3) on July 8, 2015, law enforcement officers seized Lemoine's digital media and a subsequent forensic examination revealed 487 videos of child pornography and 697 images of child pornography; and (4) Lemoine admitted to watching child pornography beginning in 2010 and that he had "traded" child pornography for five years.

After describing the offense conduct, the court's probation officer grouped Lemoine's offenses for sentencing purposes, *see* U.S.S.G. § 3D1.2(d), and applied various enhancements

before arriving at an offense level of 34 and Criminal History Category of I, which yielded an advisory Guidelines range of 151 to 188 months' imprisonment. At sentencing, defendant raised no factual or legal objections to the presentence report, and the district court imposed a bottom-of-the-Guidelines sentence of 151 months' imprisonment, followed by a ten-year term of supervised release.

More than three months later, Lemoine sent a letter to his counsel, Lawrence Floyd, that began, "I need you to file for an appeal on my case." Petitioner claimed to be under the impression that he had received a 60-month sentence, rather than the 151-month sentence imposed by the district court and requested that Floyd send him transcripts and other documents relevant to his case. Three days later, Floyd wrote back, "Please be advised that I do not do Appellate work. Therefore, strongly suggest you immediately contact another Attorney that handles appeals. Be advised there are time limites [sic] for filing aan [sic] appeal so time is of the essence. Do so ASAP!!!"

Lemoine never filed a notice of appeal, but he filed a pro se § 2255 motion collaterally attacking his convictions on November 27, 2017. After a false start for exceeding the page limit authorized by the court's Local Rules, Lemoine filed an amended § 2255 motion, identifying numerous grounds on which his counsel was allegedly ineffective including: (1) failing to challenge the multiplicity of the indictment, (2) erroneously advising him to plead guilty to both receipt and possession of child pornography, (3) failing to raise multiplicity or double jeopardy at sentencing, and (4) refusing to file a notice of appeal.

The district court denied Lemoine's petition without a hearing, and in doing so, did not squarely address Lemoine's claims regarding multiplicity of the indictment or double jeopardy. As to the former, the court wrote, "Petitioner also argues that counsel failed to file a motion to

dismiss or challenge the indictment based upon the admission of allegedly improper evidence." It then referenced four claims from Lemoine's amended petition, including "Argument E," which was Lemoine's claim that his counsel was ineffective for failing to raise the multiplicity of the indictment. It ruled that these ineffective assistance claims were "simply allegations without any evidentiary support."

The district court also gave little consideration to Lemoine's claim that his counsel had rendered ineffective assistance by advising him to plead guilty to both receipt and possession of child pornography. Again, the court did not acknowledge the double jeopardy component of Lemoine's claim, instead framing it generically as whether counsel had "inadequately explained the charges within the indictment." Compounding the error, the court held that after reviewing the record, "all evidence suggests that Petitioner knowingly and voluntarily . . . pleaded guilty to *two counts of possessing child pornography*"—when in fact, Lemoine pleaded guilty to receipt and possession of child pornography. (Emphasis added.)

Finally, regarding Lemoine's claim that Floyd was constitutionally ineffective for failing to file a notice of appeal, the court ruled that Lemoine's letter did not trigger an obligation to file a notice of appeal, and even if it had, the letter came too late to be considered timely, so any subsequent appeal would have been dismissed.

The district court also declined to grant Lemoine a certificate of appealability, but our court granted Lemoine permission to appeal four claims. First, we held that reasonable jurists could debate Lemoine's claim arising out of his counsel's failure to file a notice of appeal. Second, we determined Lemoine also raised a debatable claim based on his counsel's alleged failure to consult with him about an appeal. Last, "[r]easonable jurists could also debate the district court's conclusion that Lemoine failed to allege facts in support of his claims that counsel

should have filed a motion to dismiss the indictment as 'multiplicitous,' and erroneously advised Lemoine to plead guilty to both 'receipt' and 'possession' of child pornography in violation of the Double Jeopardy Clause." We explained that "[b]ecause the district court did not consider Lemoine's argument that there was a legal basis to challenge the alleged multiplicitous nature of his indictment and counsel's allegedly erroneous advice to plead guilty to both counts, reasonable jurists could debate the district court's ruling on these issues."

II.

A federal prisoner like Lemoine is entitled to have a conviction vacated under 28 U.S.C. § 2255 if he can establish a constitutional violation that had a substantial and injurious effect on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). He attempts to meet this standard by asserting that his Sixth Amendment right to effective assistance of counsel was violated at various stages of his prosecution. Therefore, all of Lemoine's claims must be viewed through the ineffective assistance of counsel framework, *see Strickland v. Washington*, 466 U.S. 668 (1984), meaning that it is his burden to show (1) deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and (2) prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "Ineffective assistance of counsel claims are mixed questions of law and fact, which we review *de novo* on appeal." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003) (citations omitted).

A.

We first address Lemoine's claim that his counsel was constitutionally ineffective for refusing to file a requested notice of appeal. The Supreme Court has long held that an attorney performs deficiently if, after consulting with his client, he or she "disregards specific

instructions" from his client to file a notice of appeal—"a purely ministerial task." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (200); *see also Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have had merit . . . ."). However, where a defendant does not instruct counsel to file an appeal after judgment enters in his case, the court must then consider whether counsel "consulted" with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 478. This means determining whether counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." *Id.* If counsel has consulted with the defendant, then deficient performance boils down to whether counsel failed to "follow the defendant's express instructions with respect to an appeal." *Id.* But if counsel did not consult with defendant, the court must consider whether that failure was itself deficient performance by asking whether there was "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. If a petitioner can show either of these circumstances, he has succeeded in showing deficient performance and may demonstrate prejudice by showing that, but-for his counsel's deficient performance, "he would have timely appealed." 528 U.S. at 484.

Lemoine's claim does not fit neatly into the *Flores-Ortega* framework. On the one hand, he presents the issue as whether his counsel disregarded an express instruction to file a notice of appeal. But on the other, he does not acknowledge that his request came more than three months after judgment entered in his case, so that by the time he instructed his counsel file an appeal, it would have been untimely. *See* Fed. R. App. P. 4(b). And because his requested appeal would

have been untimely, we would have been required to dismiss it on the government's motion. *See United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam). Under these circumstances, we conclude that Lemoine's counsel was not deficient for refusing to file a notice of appeal. *See United States v. Cross*, 73 F. App' x 864, 865 (6th Cir. 2003) ("Counsel has a duty to file a *timely* notice of appeal if requested to do so by his or her client." (emphasis added and citations omitted)).[2]

Accordingly, we affirm the district court's denial of Lemoine's ineffective assistance of counsel claim premised upon his counsel's failure to file a notice of appeal.

B.

We next consider whether the district court erred by rejecting Lemoine's ineffective assistance of counsel claims that are premised upon the alleged multiplicity of the indictment and the corresponding violation of the Double Jeopardy Clause.

The Fifth Amendment's Double Jeopardy Clause "protects against multiple punishments for the same offense." *United States v. Ehle*, 640 F.3d 689, 694 (6th Cir. 2011) (citations omitted); *see* U.S. CONST. amend. V. To determine whether two offenses violate double jeopardy, we ask whether each offense requires proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *see also Rutledge v. United States*, 517 U.S. 292, 297 (1996). "A common shorthand for this standard is whether one offense is a lesser-included offense of the other." *United States v. Hutchinson*, 448 F. App'x 599, 602 (6th Cir.

---

[2]As discussed above, we also granted Lemoine a certificate of appealability on his claim that that his counsel failed to consult with him about an appeal. However, he abandoned that claim by failing to raise it in his statement of issues and by failing to brief it. *See United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016) (discussing how argument not listed in the statement of the issues is forfeited); *McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) (concluding that argument not raised in either the argument or issues section was forfeited).

2012). "[T]he inquiry into whether an offense constitutes a lesser-included offense is bound to the facts of the case." *United States v. Dudeck*, 657 F.3d 424, 429 (6th Cir. 2011).

When an indictment charges a single offense in separate counts, it is multiplicitous and implicates the Double Jeopardy clause. *See United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002). This is because a multiplicitous indictment "raises the specter of multiple punishment for a single offense, and can prejudice the jury by suggesting that more than one crime was committed." *United States v. Gullett*, 713 F.2d 1203, 1211–12 (6th Cir. 1983). However, multiplicity does not preclude the government from seeking a multi-count indictment against a defendant for receipt and possession of a prohibited item, where a single act establishes the entirety of the offense conduct. *See Ball v. United States*, 470 U.S. 856, 865 (1985). In such a case, if a jury convicts the defendant on both counts—or if the defendant pleads guilty to both counts—the district court must "enter judgment on only one of the statutory offenses" to avoid a double jeopardy violation. *Id.*

We held in *United States v. Ehle* that convictions for receipt of child pornography and possession of the same child pornography violate the Double Jeopardy Clause. 640 F.3d at 698–99. We started from the proposition that "as a matter of plain meaning, one obviously cannot 'receive' an item without then also 'possessing' that item, even if only for a moment." *Id.* at 695. Thus, the possession of child pornography was a lesser-included offense for receipt of child pornography. *Id.* And therefore, because Congress expressed no intent to impose two punishments for the same offense, it violated the Double Jeopardy Clause to convict the defendant of both knowingly receiving and knowingly possessing the same child pornography. *Id.* at 698–99. We later qualified *Ehle*, holding that "while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both

statutes is permissible if separate conduct is found to underlie the two offenses." *Dudeck*, 657 F.3d at 430; *see also United States v. Bobb*, 577 F.3d 1366, 1374–75 (11th Cir. 2009) (concluding that no double jeopardy violation occurred where defendant was charged with receiving seven videos and several picture files on November 12, 2004 and separately charged with possessing more than 6,000 additional picture files in August 2005).

The government relies on *Dudeck* to argue that Lemoine's counsel wasn't ineffective. In its view, different conduct supported Lemoine's receipt and possession convictions because the receipt charge "was based on images and videos he received from his conduct of logging onto Website A for 32 hours with his Dell laptop computer between the dates of January 2, 2015 and February 22, 2015," while the possession charge "was based on images and videos he acquired over a broader period of years, in part from trading child pornography with others, and for his conduct in possessing this larger cache of illegal images and videos on July 8, 2015." If the government is correct, then no double jeopardy violation occurred, and petitioner's counsel did not perform in a professionally unreasonable manner by failing to raise the issue. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

At the outset, we note that the indictment charged Lemoine with *receiving* child pornography *between* 2012 and 2015—not just in 2015, which seems to contradict the government's theory that the receipt charge was directed solely at Lemoine's activity on Website A. But "[l]ike the Supreme Court, we are a court of review, not first view." *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015) (citing *Wood v. Milyard*, 566 U.S. 463, 474 (2012)). And here, we lack a clear ruling from the district court on whether separate conduct supports Lemoine's convictions. This is especially important because the same district court

judge presided over the original and collateral proceedings in Lemoine's case, so the district court is in the best position make such determinations. *See Massaro v. United States*, 538 U.S. 500, 506 (2003) (noting that the district judge who presided over a defendant's prosecution is uniquely situated to evaluate the effectiveness of trial counsel).

Accordingly, because we would benefit from the district court's perspective on this matter, we vacate the judgment and remand Lemoine's § 2255 motion to the district court for further proceedings on Lemoine's double jeopardy-focused ineffective assistance of counsel claims. *See, e.g.*, *United States v. Faulkner*, 730 F. App'x 325, 329 (6th Cir. 2018) (remanding for the district court to determine whether convictions for receiving and possessing child pornography were based on different images); *Dudeck*, 657 F.3d at 431 (similar).

III.

We close with a few observations intended to guide the district court on remand.

First, the Supreme Court has suggested in an analogous context that determining whether convictions are supported by separate conduct is limited to the original record. *See Ehle*, 640 F.3d at 693 (citing *United States v. Broce*, 488 U.S. 563, 575–76 (1989)). So while the court may still receive argument from the parties and make findings of fact, it should not take new evidence when determining whether separate conduct supports Lemoine's convictions.

Second, we recognize our authority is somewhat conflicted on whether the transfer of child pornography from a computer to additional storage media may constitute separate conduct. In *United States v. Ogden*, we held that no double jeopardy violation occurred where the defendant received images of child pornography by means of a computer and then possessed them on an external hard drive. 685 F.3d 600, 603 (6th Cir. 2012). More recently, we declined to follow *Ogden* in an unpublished decision, reasoning that it conflicted with *Ehle*. *See*

*Faulkner*, 730 F. App'x at 329. If the government presses this theory on remand, the district court should consider the competing rationales of those decisions.[3]

Third, if the district court determines that separate conduct does not support the respective charges, and that Lemoine's counsel rendered deficient performance by failing to raise the issue, then petitioner has established prejudice arising out of his counsel's performance at sentencing. Lemoine was charged the statutory special assessment of $100 on each count. That additional penalty, while minimal, suffices to show prejudice under the Sixth Amendment. *See Rutledge*, 517 U.S. at 301–03; *Cf. United States v. Freeman*, 818 F.3d 175, 179 (5th Cir. 2016) (concluding that petitioner showed prejudice arising out of his counsel's failure to move to dismiss a charge barred by the statute of limitations because he was required to pay an additional special assessment); *United States v. Gore*, 154 F.3d 34, 47–48 (2d Cir. 1998) (holding that the "stigma" associated with a second conviction along with an extra $50 special assessment constitutes prejudice sufficient to affect "substantial rights," even if the second conviction does not result in any additional time in prison).

Finally, if the preceding questions are answered in favor of Lemoine, "the only constitutionally sufficient remedy" is for the district court to exercise its discretion by vacating one of Lemoine's convictions. *Ehle*, 640 F.3d at 699; *see Ball*, 470 U.S. at 864. If the court chooses to vacate Lemoine's possession conviction, then his Guidelines range would remain unchanged and resentencing would be unnecessary, although the special assessment must be reduced to $100. However, the court may instead vacate Lemoine's conviction for receipt of

---

[3]The district court may also wish to consider whether the government has forfeited the argument by failing to raise it previously in the § 2255 proceedings. *See Greer v. United States*, 938 F.3d 766, 770 (6th Cir. 2019) (holding that government forfeited argument by failing to raise it in a timely fashion).

child pornography. Resentencing would be required because Lemoine would no longer be subject to a mandatory-minimum sentence, and his base offense level would drop from 22 to 18. *See* U.S.S.G. § 2G.2(a)(1).

IV.

For the reasons previously explained, we AFFIRM IN PART the district court's denial of Lemoine's motion under 28 U.S.C. § 2255 but VACATE the judgment and REMAND for further proceedings on Lemoine's remaining claims.